1
2
3
4
5
6
7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10  UNITED STATES OF AMERICA,

11            Plaintiff,              CR. NO. S-05-0347 GGH

12       vs.

13  PAUL H. CABRERA,

14            Defendant.              ORDER
                                    /
15

16         Due to recent statistical oddities in the random selection process, i.e., the

17  undersigned's name being drawn nearly in seriatim for a number of cases, a confluence of initial

18  arraignments, the existence of a previously set civil trial, the vacating of which would cause great

19  disruption to the parties, the sudden desire of parties to try all criminal misdemeanors, and the

20  existence of the undersigned's own personal scheduling conflict, a perfect storm has arisen with

21  respect to trial calendaring.  The following criminal cases are set for trial in early November, or

22  would have to be set for trial in early to mid to late November (November 1-7).

23       United States v. Bartolomucci, CR-S-05-339 – arraignment 9/21/2005
         United States v. Redpath, CR-S-05-340 – arraignment 9/21/05
24       United States v. Cabrera, CR-S-05-347 – arraignment 9/7/2005
         United States v. Gutierrez, CR-S-05-348 – arraignment 9/12/05
25       United States v. Gaddis, CR-S-05-380 – arraignment 9/13/05

26  \\\\\

                                        1

1         The Kraft v. Laney, CIV-S-04-129 GGH, civil trial is set for October 24, 2005 and
2 will last, in all probability, through November 3, 2005.
3         The undersigned will try the Gutierrez case on November 7, 2005.
4         Also presently scheduled for hearing on November 7, 2005, is an evidentiary
5 hearing in the habeas corpus case Johnson v. Carey, CIV-S-03-0479.  This will have to be
6 continued.
7         Due to personal reasons that cannot be avoided, the undersigned will be out of the
8 office from November 14, 2005, through November 30, 2005, and he will be out of Sacramento
9 during this period of time.
10         Therefore, the undersigned on his own motion orders that all criminal cases listed
11 above, except for Gutierrez, be set for trial confirmation hearing on October 19, 2005, at 9:00
12 a.m.   ALL DEFENDANTS SHALL PERSONALLY APPEAR EVEN IF THEY HAVE
13 WAIVERS OF APPEARANCE ON FILE.  If necessary, pursuant to 18 U.S.C. § 3161(h)(8)A,
14 all cases aside from Gutierrez will have their trial dates continued for short periods of time, and
15 time will be tolled.
16         The court understands that "general calendar congestion" will not suffice for
17 purposes of tolling the Speedy Trial Act.  United States v. Engstrom, 7 F.3d 1423, 1426 (9th Cir.
18 1993).  However, the above circumstances are more than general congestion.  The undersigned
19 has only listed his scheduled and prospective trials, and has omitted any reference to the literally
20 hundreds of orders in prisoner cases which will need to be processed in November, civil law and
21 motion, settlement conferences, Social Security review, and other criminal case duties.  Focusing
22 only on trials, it is simply not possible to jury try all of these cases within a week in November.
23 We simply will not have the jurors available at all times during the week, and the undersigned
24 will not attempt to try two cases at once splitting the day.  Such is unfair to the jurors who must
25 sacrifice their time.  The interests of justice require that the undersigned properly be able to focus
26 \\\\\

1  his time on each defendant's trial.  Finally, the undersigned's colleagues have schedules which
2  do not permit them to add imminent jury trials to their caseloads.
3          IT IS SO ORDERED.
4  DATED: 9/28/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:gh:035
cabrera347.ord